# United States Court of Appeals for the Fifth Circuit

_____

No. 22-60675
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
June 15, 2023

Lyle W. Cayce
Clerk

Heidy Guillermina Munoz,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 873 970

_____

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Heidy Guillermina Munoz Portales (Munoz) petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal. Munoz argues that she was entitled to asylum, withholding of removal, and relief via the Convention Against Torture (CAT).

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60675

This court applies the substantial evidence standard to the "conclusion that an alien is not eligible for asylum, withholding of removal, and relief under the Convention Against Torture." *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotations and citations omitted). "To succeed on an application for asylum, an applicant must show that she is unable or unwilling to return to and avail herself of the protection of her home country because of persecution or a well-founded fear of persecution on account of race, nationality, membership in a particular social group, or political opinion." *Jaco v. Garland*, 24 F.4th 395, 401 (5th Cir. 2021) (internal quotations, brackets, and ellipses omitted). Munoz argues that she was a member of a particular social group in the form of Honduran business owners susceptible to extortion. However, we have rejected similar proposed particular social groups based on economic extortion. *See Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2014). Thus, Munoz has failed to show any error in the denial of her asylum claim. Having failed to satisfy the standard for asylum, she cannot meet the "higher standard" for withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

Munoz also argues that she is entitled to relief under the CAT, pointing to evidence of generalized police corruption and gang violence and the failure of police to investigate her brother's shooting successfully. The BIA concluded that Munoz did not make the requisite showing. Munoz has failed to point to any evidence in the record that compels a contrary conclusion. *See, e.g.*, *Martinez Manzanares v. Barr*, 925 F.3d 222, 228-29 (5th Cir. 2019); *see also Chen v. Gonzales*, 470 F.3d 1131, 1142 (5th Cir. 2006). Therefore, her CAT claim fails as well.

The petition for review is DENIED.